UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RICKY PITTMAN, on behalf of himself and others similarly situated, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MATALCO (U.S.), INC., ) </br> ) </br> Defendant. ) </br> ) | CASE NO. 4:18-cv-00203-BYP </br></br> JUDGE BENITA Y. PEARSON </br></br></br> **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND STIPULATION OF DISMISSAL WITH PREJUDICE** </br></br> **(FILED UNDER SEAL)** |

The Parties respectfully move this Honorable Court to review the Parties' Joint Stipulation of Settlement and Release (the "Settlement") and for an Order approving the Settlement as fair and reasonable.  In support of this motion, the Parties state:

1. Representative Ricky Pittman commenced the Action on behalf of himself and all others similarly situated to him with respect to the claims he asserted.

2. On January 26, 2018, Plaintiff filed his Complaint and alleged that Defendant violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiffs and other similarly-situated employees for all time worked and overtime compensation at the rate of one and one-half times their regular rates of pay for all of the hours they worked over 40 each workweek.  Specifically, Plaintiff alleged that he and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop time: a) changing into and out of their uniform and personal protective equipment, including but not limited to

shirts, pants, boots, hard hats, glasses, gloves, flame-retardant jackets, face shields, and/or hearing protection; b) walking to and from their assigned area of the production floor; and c) getting tools and equipment necessary to perform their production work. (ECF No. 1.)

3. After significant discussions between Counsel for the Parties, the Parties entered into a Joint Stipulation to Conditional Certification and Notice, which was filed with this Court on April 16, 2018. (ECF No. 18.)

4. The Parties stipulated that the following collective action as conditionally certified pursuant to Section 16(b) of the FLSA: All former and current production crew members of Matalco (U.S.), Inc. employed at the Canton, Ohio facility at any and all times between April 16, 2015 and the present. (ECF No. 18.) The parties jointly submitted a Notice to Potential Class Members, containing proposed language for notification and consent forms, to be authorized by the Court. (ECF No. 18-1.)

5. On April 16, 2018, this Honorable Court approved the Parties Notice to Potential Class Members. (ECF No. 19.)

6. On April 30, 2018, Plaintiff's Counsel mailed the Notice to Potential Class Members, and the opt-in period closed on May 30, 2018. (Ex. 2, Christy Decl., ¶ 17.)

7. Between October 4, 2018 and December 5, 2018, the Parties engaged in settlement negotiations, including the exchange of letters and discussions between Counsel for the Parties detailing the Parties' legal and factual positions. (*Id*. at ¶ 22.)

8. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached a settlement of all claims asserted in the pending action, the Parties reached an agreement to settle the Action on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 on December 5, 2018. (*Id*. at ¶ 25.)

9. The Parties engaged in substantial investigation and formal and informal discovery prior to negotiating the Settlement. (*Id*. at ¶ 19.) Prior to filing the Action, Plaintiffs' Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate Complaint for the Court and Defendant. (*Id.*)

10. The Parties engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendant's defenses to such claims. This included a complete analysis and calculations of Representative Plaintiff's and Opt-In Party Plaintiffs' overtime damages. (*Id*. at ¶ 20.)

11. The Parties engaged in extensive legal discussion, which included numerous and lengthy discussions between counsel for the Parties. (*Id*. at ¶ 21.)

12. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA. (*Id*. at ¶ 23.)

13. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willful and has a good faith defense. (*Id*. at ¶ 24.)

14. The Settlement covers only four (4) employees, Plaintiff Ricky Pittman and the three (3) Opt-In Plaintiffs, Ben Johnson, Zechariah Cone, and Benjamin Weaver, who opted into the Action and consented to be bound by any settlement reached by the Parties. (*Id*. at ¶ 26.) Because the proposed Settlement is an FLSA *opt-in* settlement, as opposed to a Rule 23 *opt-out* settlement that would bind absent class members, and because the opt-ins already consented to Ricky Pittman as the Representative Plaintiff and to be bound by any settlement and/or

3

judgement in this case, no fairness hearing is required or requested by the Parties.[1]  Furthermore, all four (4) Plaintiffs have consented to the settlement.

15. Plaintiffs' Individual Payments are based proportionally on each Plaintiffs' overtime damages during the Released Period.

16. Plaintiffs' counsel Chastity L. Christy believes that the proposed Settlement is in the best interests of Plaintiffs and the Opt-In Party Plaintiffs.  (*See* Exhibit 2.)

17. The proposed Settlement is contingent upon the Court's review and approval of it and issuance of an Order approving the Settlement as fair and reasonable.

18. The Parties, pursuant to Fed. R. Civ. P. 41(a)(1)(ii), and based upon the attached Settlement, hereby stipulate to the dismissal of this case with prejudice.  Except as otherwise provided in the Settlement, the Parties agree to bear their own attorneys' fees and costs.  The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement.

WHEREFORE, the Parties request that the Court review the Settlement and issue an Order (*see* Exhibit 3) approving it as fair and reasonable, and that this case be stipulated as dismissed with prejudice.

---

[1] *See Moore v. Ackerman Inv. Co.*, C 07-3058-MWB, 2009 WL 2848858 (N.D. Iowa Sept. 1, 2009) ("Section 216(b) does not expressly require a 'fairness' hearing on a proposed settlement, as Rule 23 of the Federal Rules of Civil Procedure does for class actions pursuant to that rule, and Rule 23 requirements are not directly applicable to a collective action pursuant to § 216(b)."); *McLean v. HSM Elec. Prot. Services, Inc.*, 607CV1680ORL28DAB, 2008 WL 4642270 (M.D. Fla. Oct. 8, 2008) (same); *Barnes v. Benzerenterprises, Inc.*, 607CV1754-ORL-22DAB, 2008 WL 4059839, (M.D. Fla. Aug. 27, 2008) ("the Court determines that there is no need for a fairness hearing").

Respectfully submitted,

| | |
|---|---|
| /s/Chastity L. Christy | /s/ Andy Dorman |
| Anthony J. Lazzaro (0077962) | Andy Dorman (0063410) |
| Chastity L. Christy (0076977) | Arthur W. Brumett II (0082516) |
| Lori M. Griffin (0085241) | Bruce H. Fahey (0017066) |
| The Lazzaro Law Firm, LLC | Sarah M. Mancuso (0096589) |
| 920 Rockefeller Building | Reminger Co., L.P.A. |
| 614 W. Superior Avenue | 101 W. Prospect Avenue, Suite 1400 |
| Cleveland, Ohio 44113 | Cleveland, Ohio 44115 |
| Phone: 216-696-5000 | Phone: 216-430-2130 |
| anthony@lazzarolawfirm.com | Facsimile: 216-687-1841 |
| chastity@lazzarolawfirm.com | abrumett@reminger.com |
| lori@lazzarolawfirm.com | bfahey@reminger.com |
| | smancuso@reminger.com |
| Attorneys for Plaintiff and Opt-In Plaintiffs | adorman@reminger.com |
| | Attorneys for Defendant |

## CERTIFICATE OF SERVICE

    I hereby certify that on December 11, 2018, a copy of the foregoing *Joint Motion For Approval Of Settlement And Stipulation Of Dismissal With Prejudice* was filed electronically under seal.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access the filing through the Court's system.

                                                              /s/ Chastity L. Christy
                                                              Chastity L. Christy