PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICKY PITTMAN, | ) | |
| | ) | CASE NO. 4:18CV203 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| MATALCO (U.S.), INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** [Resolving ECF No. 29] |

Pending is the parties' settlement agreement and stipulation of dismissal, both jointly submitted for the Court's approval. ECF No. 29. This FLSA collective action was initially filed on January 26, 2018, and the parties stipulated (with the Court's approval) to conditional certification on April 16, 2018. ECF Nos. 18, 19. During the opt-in period, three additional employees joined Plaintiff Ricky Pittman in the litigation. ECF Nos. 13, 20, 21. The parties completed discovery, and, prior to filing dispositive motions, they jointly moved the Court to approve their settlement agreement. ECF No. 29.

The Court approves the parties' settlement agreement because it is fair and reasonable. Pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the action is dismissed with prejudice. Except as provided in the settlement agreement, the parties shall bear their own attorneys' fees and costs. The Court shall retain jurisdiction to enforce the terms of the settlement.

(4:18CV203)

## Law and Analysis

In reviewing a proposed FLSA settlement, "a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a 'fair and reasonable resolution of a *bona fide* dispute over FLSA provisions.'" *Snook v. Valley OB-GYN Clinic, P.C.*, 2014 WL 7369904, at *2 (E.D. Mich. Dec. 29, 2014) (quoting *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

> Courts should consider the following factors in determining whether a proposed FLSA settlement is fair and reasonable: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Snook*, 2014 WL 7369904, at *2 (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

In this case, having reviewed the settlement agreement (ECF No. 29-1), the Court agrees that the parties had several *bona fide* disputes with respect to the validity and strength of the class members' claims.[1] Additionally, having considered the factors listed above, the Court finds that the terms of the settlement agreement are fair and reasonable.

Finally, the Court finds that the proposed attorneys' fees are reasonable. "A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to

---

[1] Specifically, the parties dispute whether Plaintiffs' claimed overtime was part of their "shift." They also dispute, in good faith, whether Plaintiff and class members' claims are barred by the statute of limitations and whether, if Defendant were deemed liable, it would be responsible for liquidated damages. *Compare* ECF No. 1 (Complaint) *with* ECF No. 11 (Answer).

attorneys." *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). That attorneys' fees exceed Plaintiffs' awards, in this case, is neither uncommon nor unreasonable. *See Fegley v. Higgins*, 19 F.3d 1126, 1134 35 (6th Cir. 1994) (noting that awarding attorneys' fees encourages FLSA enforcement and "ensure[s] effective access to the judicial process," and upholding an award of $40,000 in attorneys' fees when plaintiff recovered nominal damages); *see also, e.g.*, *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $9,250 in attorney's fees when plaintiff recovered $1,698.00); *Heder v. City of Two Rivers*, 255 F. Supp. 2d 947, 962 (E.D. Wisc. 2003) (awarding $36,204.88 in attorney's fees, but $3,540.00 in plaintiff's damages).

FLSA settlements, which require the district court's approval, are judicial records, and judicial records are ordinarily accessible to the public. *See Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010); *Wolinsky*, 900 F. Supp. 2d. at 337-341. That said, however, "all but the most doctrinaire opinions on the subject acknowledge that there may be circumstances where confidentiality provisions may be appropriate and should be accepted." *Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *4 (S.D. Ala. Feb. 14, 2013.). And courts in this district have approved confidential settlements in the past. *See Killion v. KeHE Distributors*, 885 F. Supp. 2d 874, 883-84 (N.D. Ohio 2012) (Zouhary, J.); *Dillworth v. Case Farms Processing, Inc.*, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) (Lioi, J.).

Including the representative Plaintiff Ricky Pittman, there are only four plaintiffs in this collective action. Detailed notice of the collective action was disseminated to all reasonably identifiable employees who fit the class definition, ECF No. 19, but only three such employees chose to join the litigation. The parties' pleadings are publicly accessible, as is the fact of the

(4:18CV203)

settlement itself. ECF Nos. 27, 29. And, given that the parties intend to settle more than one *bona fide* dispute (*see above*, note 1), members of the public stand to learn little about the value of any given FLSA dispute by viewing the terms of the settlement agreement.

The terms of the settlement agreement, therefore, shall remain confidential and sealed. The motion itself, however, shall be unsealed.[2] In light of the Court's continuing jurisdiction over enforcement of the settlement agreement, the Court reserves its prerogative to unseal the settlement agreement or any portion thereof at a later date, if appropriate.

**Conclusion**

The parties' proposed FLSA settlement agreement is approved because it is fair and reasonable, and it shall remain sealed unless it becomes necessary to unseal the agreement at a future time. At the parties' request, and pursuant to Fed. R. Civ. P. 41(a)(1)(ii), the action is dismissed with prejudice. Except as provided in the settlement agreement, the parties shall bear their own attorneys' fees and costs. The Court shall retain jurisdiction to enforce the terms of the settlement.

IT IS SO ORDERED.

| December 13, 2018 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[2] The motion docketed at ECF No. 29 shall be unsealed. Attached exhibits (ECF Nos. 29-1, 29-2, and 29-3) shall remain under seal.